IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**CHRISTOPHER V. HOBBS,**

**Defendant.**                                                           No. 09-cr-30034-DRH

**ORDER**

**HERNDON, Chief Judge:**

On November 10, 2009, Hobbs filed a notice of appeal (Doc. 29). His notice of appeal states that he is appealing from the final judgment and/or conviction and sentence entered in this action on the 10th/16th day of July/October, 2009. Now before the Court is Hobbs' November 10, 2009 motion to withdraw plea pursuant to Fed. R. Crim. P. 11(d) (Doc. 31) and motion to withdraw counsel (Doc. 30). Based on the following, the Court rules as follows.

Because Hobbs' case is currently pending in the Seventh Circuit Court of Appeals and no mandate has issued, this Court lacks jurisdiction to grant the relief sought in his motion to withdraw plea. It is elementary that once a notice of appeal is filed with the district court it is divested of jurisdiction over the case, and the appellate court assumes jurisdiction. Kusay v. United States, 62 F.3d 192, 193 (7th Cir.1995) ("the filing of a notice of appeal is an event of jurisdictional significance-it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). As this rule applies only to "those aspects of the case involved in the appeal," the district court *may* – while a case is on appeal – award attorneys' fees and address ancillary questions like costs, registration of judgments and motions for certificates of probable cause. ***Id.***

Here, however, Hobbs' motion is directed straight to the merits of judgment appealed from and falls squarely within the holding of ***Kusay***. As the Seventh Circuit explained, "jurisdiction is power to act, and it is essential to have clear rules that define who … possesses this power" at any given time. ***Id.* at 194**. Those rules strip this Court of jurisdiction while the appeal is pending. Accordingly, this Court **DISMISSES** for lack of jurisdiction Hobbs' motion to withdraw plea pursuant to Fed. R. Crim. P. 11(d) (Doc. 31).

Similarly, the Court dismisses for lack of jurisdiction the motion to withdraw counsel (Doc. 30). This motion is more properly directed to the Seventh Circuit Court of Appeals. Hobbs should refile this motion with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2009.

/s/   *David R Herndon*
**Chief Judge**
**United States District Court**