IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**CHRISTOPHER V. HOBBS,**

**Defendant.**                                                            **No. 09-cr-30034-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Hobbs' motion for reconsideration (Doc. 37). Hobbs argues that the Court erred in dismissing for lack of jurisdiction his motion to withdraw guilty plea. Specifically, Hobbs contends that the Court made a mistake when it filed his notice of appeal as he only "wishes to appeal his conviction and sentence if this Court denied him the relief sought via the withdrawal of his plea." Based on the following, the Court dismisses for lack of jurisdiction the motion to reconsider.

On November 10, 2009, the Clerk of the Court filed Hobbs' pro se notice of appeal (Doc. 29). His notice of appeal states that he is appealing from the final judgment and/or conviction and sentence entered in this action on the 10th/16th day of July/October, 2009. That same day, Hobbs filed a pro se motion to withdraw plea pursuant to Fed. R. Crim. P. 11(d) (Doc. 31) and a pro se motion to withdraw counsel (Doc. 30). On November 17, 2009, the Court dismissed for lack of jurisdiction Hobbs' motions (Doc. 35).[1]

---

[1] The Court dismissed for lack of jurisdiction the motions to withdraw and to appoint counsel as the Clerk of the Court filed Hobbs' notice of appeal on November 10, 2009 (Doc. 29).

**Federal Rule of Criminal Procedure 11(e)** states:

> After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

Obviously, this Court lacks jurisdiction to consider Hobbs' motion to withdraw guilty plea. The Court sentenced Hobbs to 84 months imprisonment on October 16, 2009 (Doc. 25). Hobbs filed his motion to withdraw his guilty plea on November 10, 2009. Thus, the Court may not consider his motion. ***See United States v. Sura*, 511 F.3d 654, 644 (7th Cir. 2007)( "But once a plea has been accepted and sentence imposed, the plea may not be withdrawn unless reversible error has occurred. Compare Fed.R.Crim.P. 11(d) (withdrawal before sentence) with Rule 11(e) (no withdrawal after sentence).")**.

Accordingly, the Court **DISMISSES for lack of jurisdiction** the motion to reconsider (Doc. 37). The Court notes that Hobbs is not without remedy as he may challenge his plea on direct appeal (which is pending) or on habeas review.

**IT IS SO ORDERED.**

Signed this 3rd day of December, 2009.

/s/  David R Herndon

**Chief Judge**
**United States District Court**