IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**CHRISTOPHER V. HOBBS,**

**Defendant.**                                         No. 09-30034-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**:

Pending before the Court is Hobbs' March 31, 2010 motion for extension of time to file notice of appeal (Doc. 49). Hobbs requests an extension of seven days to file his Notice of Appeal. The Government opposes the motion (Doc. 51). Based on the following, the Court denies the motion.

On July 10, 2009, Hobbs pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Docs. 19, 20 & 21). The Court sentenced Hobbs to 84 months imprisonment on October 16, 2009 (Doc. 25). On October 20, 2009, the Clerk of the Court entered Judgment reflecting the same (Doc.

27). On November 10, 2009, the Clerk of the Court filed Hobbs' pro se notice of appeal (Doc. 29). Also on November 10, 2009, Hobbs filed a pro se motion to withdraw plea pursuant to Fed. R. Crim. P. 11(d) (Doc. 31) and a pro se motion to withdraw counsel (Doc. 30). On November 17, 2009, the Court dismissed for lack of jurisdiction Hobbs' motions to withdraw plea and withdraw counsel (Doc. 35). Thereafter, Hobbs filed a motion to reconsider arguing that the Court made a mistake when it filed his notice of appeal as he only "wishes to appeal his conviction and sentence if this Court denied him the relief sought via the withdrawal of his plea." (Doc. 37) which the Court dismissed for lack of jurisdiction on December 3, 2009 (Doc. 40). Almost four months later, Hobbs, through counsel, filed this motion for extension of time to file notice of appeal (Doc. 49).

Here, Federal Rule of Appellate Procedure 4(b) applies.[1] Rule 4(b) provides that a defendant's notice of appeal from a criminal judgment must be filed in the district court "within 10 days after the later of (i) the entry of either the judgment or the order being appealed ..." However, Appellate Rule 4(b)(4) provides:

> (4) Motion for Extension of Time. Upon a finding of excusable neglect, or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Therefore, under Rule 4(b)(4), a district court may extend the time for filing a notice

---

[1] On December 1, 2009, Federal Rule of Appellate Practice 4(b) was amended to extend the time for filing a notice of appeal from 10 days to 14 days. The Court sentenced Hobbs before December 1, 2009, thus, the 10-day time limit applies in his case. Therefore, the Court will cite to Rule 4(b) as it was prior to December 1, 2009.

of appeal up to 30 days upon a showing of "excusable neglect or good cause." In determining whether this showing has been made this Court is to consider the entire context, including the reason for and the length and impact of the delay, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. **See Marquez v. Mineta, 424 F.3d 539, 541 (7th Cir. 2005)**. Excusable neglect occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time. **See United States v. Alvarez-Martinez, 286 F.3d 470, 473 (7th Cir. 2002)**. **Rule 26(b)(1)** adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4. **United States v. Hirsch, 207 F.3d 928, 930 (7th Cir. 2000)**.

Here, Hobbs has given the Court no indication of any circumstances that constitute "good cause" or "excusable neglect." He merely states that at the time he filed his notice of appeal he was proceeding pro se; that he *thinks* that he told his trial counsel that he wanted to appeal; and that he thought he had thirty days to file his notice of appeal. These reasons are not sufficient to extend the time. Hobbs is uncertain as to whether he told his counsel he wanted to appeal. Further, the Court informed Hobbs at his sentencing of the deadline to file an appeal. **See U.S. v. Steele, 126 Fed.Appx. 752, 753 (7th Cir. 2005)**. Because Hobbs has not shown that his Notice of Appeal was untimely due to good cause or excusable neglect, the Court **DENIES** the motion. If Hobbs believes that his counsel was constitutionally

ineffective, he may file a motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Signed this 8th day of April, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**